UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN ALEJANDRO REYES-SILVA,<br><br>  Petitioner,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civ. Case No.:  3:17-cv-00891-JAH<br>Crim. Case No.: 3:15-cr-01517-JAH<br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 (ECF No. 36);**<br><br>**(2) GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE (ECF No. 38).** |

## I. <u>INTRODUCTION</u>

On May 1, 2017, Petitioner Ivan Alejandro Reyes-Silva ("Petitioner") filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ("Pet.", ECF No. 36). Respondent United States of America ("Respondent") filed a Response in Opposition to Petitioner's motion on June 30, 2017. ("Opp'n", ECF No. 39). Petitioner failed to file a Reply in support of his petition. For the reasons set forth below, the Court denies Petitioner's petition to vacate, set aside, or correct his sentence.

///

///

## II. FACTUAL BACKGROUND

On January 22, 2016, Petitioner, with the advice and consent of counsel, signed a plea agreement wherein he admitted to "knowingly and voluntarily reentering and remaining in the United States" after having been previously deported, in violation of 8 U.S.C. § 1326. ("Plea Agreement", ECF No. 25 at 3). On February 2, 2016, a change of plea hearing was held before the Honorable Barbara Major, United States Magistrate Judge, wherein Petitioner was found to have entered the plea knowingly and voluntarily, not resulting from threats or force. (ECF Nos. 26, 27 at 4). Pursuant to the United States Sentencing Guidelines (the "Sentencing Guidelines"), the United States calculated Petitioner's guideline range as 63-78 months, and Petitioner argued under § 5K2.0 (Combination of Circumstances) for downward departures based on his specific circumstances. (Sentencing Memorandum at 3-4; Opp'n at 5-6). The Court granted Petitioner's request for a six-level departure, resulting in a guideline range of 22-41 months. Petitioner was sentenced by this Court to forty (40) months in custody, near the high end of the range, followed by three years of supervised release.[1] On May 1, 2017, Petitioner, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## III. LEGAL STANDARD

A federal prisoner may request relief pursuant to 28 U.S.C. § 2255 to vacate, correct, or set aside a sentence when the sentence was imposed in violation of the United States Constitution or federal law; the court did not have jurisdiction to impose the sentence; the sentence was in excess of the maximum allowed by law; or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).[2] A court may dismiss a § 2255 motion

---

[1] Petitioner was released from Bureau of Prisons ("BOP") custody on February 21, 2019. *See* Inmate Locator & Record Availability, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 8, 2022).

[2] At the time of filing, Petitioner was in custody, satisfying the "in custody" requirement in § 2255. *U.S. v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1770 (9th Cir. 1988)

when it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief under Rule 4(b) of the Rules Governing § 2255 Proceedings.

## IV. DISCUSSION

Petitioner raises two grounds for relief: first, that Amendment 802[3] of the Sentencing Guidelines should be applied retroactively, and second, he was denied effective assistance of counsel. (Pet. at 6). A motion may be brought under § 2255(a) when the sentence is otherwise subject to collateral attack, however, appeals and collateral attacks can be waived by knowing and voluntary plea agreements. *U.S. v. Navarro-Botello*, 912 F.2d 318, 321-2 (9th Cir. 1990) (finding that waivers included in plea agreements entered knowingly and voluntarily should be enforced as a matter of public policy); *U.S. v. Bollinger*, 940 F.2d 478, 479-480 (9th Cir. 1991) (defendant's appeal of his sentence based on an incorrect application of the Sentencing Guidelines was waived because his sentence did not exceed the maximum outlined in the plea agreement he entered knowingly and voluntarily and was therefore not an exception to the waiver). Therefore, while Petitioner has not waived his ineffective assistance of counsel claim, his attack based on the application of Amendment 802 was waived by his plea agreement.

Respondent argues that the collateral attack based on retroactively applying Amendment 802 to Petitioner's sentence was waived in the plea agreement. (Opp'n at 8).

---

(because the §2255 motion was filed while petitioners were in custody, the motion was not moot when they were released from custody); *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (petitioner's habeas corpus application was entitled to review on the merits despite petitioner being released while pending review).

[3] Amendment 802 went into effect on November 1, 2016, and changed how the offense level in § 2L1.2 of the Sentencing Guidelines is calculated. United States Sentencing Commission, *Supplement to Appendix C*, Amendment 802 (Nov. 2021). Amendment 802 eliminated the sixteen–level enhancement for prior felony crimes of violence and instead provided for enhancements for felony convictions before and after deportation, according to the term of imprisonment imposed for the prior offense.

Respondent further argues that Amendment 802 is not applied retroactively per the Sentencing Guidelines, and even if retroactive application was appropriate, it would result in a higher sentence per the guideline range. (Opp'n at 13). As to Petitioner's ineffective assistance of counsel claim, Respondent asserts that defense counsel's performance was not unreasonable, and Petitioner cannot show that he was prejudiced. (Opp'n at 14).

### A. Waiver

Petitioner's plea agreement waives "any right to appeal or to collaterally attack the conviction and any lawful restitution order", with the exception of "a post-conviction collateral attack based on a claim of ineffective assistance of counsel" or an appeal of a sentence imposed by the court that is higher than the high end of the guideline range proposed by the government. (Plea Agreement at 11). In this case, Petitioner's collateral attack based on ineffective assistance of counsel was not waived, but his collateral attack based on retroactively applying Amendment 802 to his sentence was waived.[4] *United States v. Johnson*, 67 F.3d 200, 202 (9th Cir. 1995) (finding that an appeal based on changes in the law can be waived through a voluntary waiver).[5]

In *Johnson*, the petitioner appealed his sentence, arguing that the sentencing court erred in finding a newly passed law did not apply to his case and did not qualify him for a lower sentence. *Id.* at 201. Although he had waived "any sentence imposed by the district judge", he argued that this appeal was not waived because the law was passed after he signed his plea agreement, and he could not knowingly waive an appeal based on a law that had not yet passed. *Id.* at 201-202. The Ninth Circuit found that appeals based on

---

[4] Even if this collateral attack was not waived, Amendment 802 is not one of the enumerated amendments in § 1B1.10(d) of the Federal Sentencing Guidelines that is applied retroactively.

[5] Petitioner does not explicitly allege that his waiver was not knowing or voluntary, but this attack is waived by the plea agreement unless the waiver does not apply. These allegations follow the reasoning of the arguments made in *United States v. Johnson,* where the petitioner argued that the change in law rendered his waiver involuntary. *United States v. Johnson*, 67 F.3d 200, 202 (9th Cir. 1995)

later changes to the laws used by the court at sentencing were within the scope of the waiver, and therefore his appeal had been knowingly and voluntarily waived. *Id.* at 202.

Like *Johnson*, Petitioner here argues that an amendment passed after his plea agreement was signed should be applied to his sentence. However, unlike *Johnson*, where the law was passed between the signing of the plea agreement and sentencing and the lower court considered and rejected applying it, Petitioner argues that because Amendment 802 passed six months after his sentencing, it should be grounds for collateral attack. Petitioner's argument is unavailing, as the waiver found in the plea agreement encompasses "any right to appeal or collaterally attack", (Plea Agreement at 11), and future changes in sentencing law are within the scope of the waiver.

Petitioner's argument that Amendment 802 should have been applied while it was pending is unpersuasive. This argument follows a line of reasoning rejected by the Ninth Circuit in *Johnson*, where the Court found that the only applicable law was the law at the time of sentencing, and because the change in law was not unforeseeable to the defendant, an appeal based on that law was knowingly and voluntarily waived. *Johnson*, 67 F.3d at 202. Petitioner's argument that a pending amendment should have been applied further indicates that this change in law was foreseeable to him, mirroring *Johnson* and further supporting that this attack was waived.

Accordingly, Petitioner's argument for the retroactive application of Amendment 802 does not fall within either of the two exceptions to waive in his plea agreement. Therefore, because his waiver was entered knowingly and voluntarily and because a subsequent change in the Sentencing Guidelines was within the scope of the waiver, Petitioner's collateral attack based on the retroactive application of the amendment is waived.

Further, a recalculation of Petitioner's sentence under the 2016 version of § 2L1.2 of the Sentencing Guidelines would result in a higher guideline range. From the base offense level of 8, Petitioner received a 16-level enhancement under § 2L1.2(b)(1)(B) and §2L1.2(b)(1)(D) for his prior drug trafficking conviction and violation of 8 U.S.C. § 1326,

Reentry After Deportation. ("PSR" ECF No. 30 at 9). Therefore, under the 2015 version of § 2L1.2, Petitioner's base offense level was 24, and after applying downwards departures for Acceptance of Responsibility and Fast Track, Petitioner's offense level was 19, resulting in a guideline range of 63-76 months. (Sentencing Summary Chart at 2).

However, when applying Amendment 802, Petitioner's prior convictions would result in a 4-level enhancement under § 2L1.2(b)(1)(A) for a prior conviction in violation of 8 U.S.C. § 1326, an 8-level enhancement under § 2L1.2(b)(2)(B) for a prior conviction of Possession of Cocaine Base for Sale, and a 6-level enhancement under § 2L12(b)(3)(B) for a prior conviction of Possession of a Controlled Substance, resulting in a total offense level of 26. United States Sentencing Commission, *Guidelines Manual*, §2L1.2 (Nov. 2016); (PSR at 9-10). After applying the adjustments for Acceptance of Responsibility and Fast Track, the resulting guideline range would be 77-96 months. (*Id.*)

### B. Ineffective Assistance of Counsel

Petitioner argues that at the time of his sentencing, his attorney did not raise arguments about undue hardship and cultural assimilation. (Pet. at 6-7). He argues that had these arguments been made, he would have received a shorter sentence and that this therefore constitutes ineffective assistance of counsel that would entitle him to have his sentence vacated, set aside, or corrected. (Pet. at 6-7). To make a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance did not meet the standard of "reasonably effective performance", and that this performance prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Showing an effect on the proceedings is not enough, and Petitioner must show that there is a reasonable probability that the outcome would be different but for counsel's performance. *Id.* at 694.

i. Reasonably Effective Performance

Petitioner argues that because counsel did not raise arguments of undue hardship and cultural assimilation in sentencing, counsel's performance fell below the reasonably effective standard. However, Petitioner's counsel did raise the argument of undue hardship in the sentencing memorandum, drawing attention to the family circumstances that

motivated Petitioner's entry into the United States. ("Sentencing Memorandum", ECF No. 33 at 3, 4). Specifically, the Sentencing Memorandum stated: "He had no plans whatsoever to return to the United States…Then he got word that his 15-year-old son had run away from home and had been missing for months." (*Id.*) Further, "his motivation was never to stay here, but only to find his son." (*Id.*)

As Petitioner asserts, counsel did not raise cultural assimilation in arguing for a downward departure. However, in the sentencing memorandum, counsel argued for a six-level downward departure based in upon Section 5K2.0 (Combination of Circumstances) under the Guidelines. In addition to asserting that Petitioner returned to the United States after deportation only to fulfill his duties as a father to locate his run-away and missing 15-year-old son, Counsel argued that his admitted criminal history was associated with his prior drug addiction. (Sentencing Memorandum at 3). He also argued Petitioner had been "clean and sober for a number of years with the help of Narcotics Anonymous and had helped others "overcome their addiction, in and out of custody". (*Id.*) Counsel also argued Petitioner "was living a productive life in Mexico, working, and contributing to his community without further plans of coming to the United States. Counsel further argued that "upon his release from custody, Petitioner "plan[ned] on again permanently locating to Tijuana so that his family will be able to visit him, and he can help to provide the guidance his family needs." (Sentencing Memorandum at 4). Counsel also emphasized the staleness of a number of his prior convictions. (*Id.*) The Court notes that a stable living environment in Mexico was a significant factor in considering whether a downward departure was warranted, as it was indicative of the fact that Petitioner would not likely re-offend by illegally re-entering the United States.

Additionally, a review of Petitioner's Presentence Report reveals that an argument concerning cultural assimilation would not have been to Petitioner's benefit. At the time of sentencing. Petitioner had obtained three juvenile adjudications involving burglary and driving a stolen vehicle while under the influence. In an eleven-year period thereafter, Petitioner accumulated eight felony convictions, including five convictions involving

possessing or selling controlled substances and one conviction for inflicting corporal injury upon a spouse involving punching his pregnant wife about her head and body and kicking her in the stomach.  In addition, he received four misdemeanor convictions.  Also, as a result of these convictions, Petitioner was deported five times.  This criminal/immigration history does not reflect a positive cultural assimilation, counseling against an additional departure for cultural assimilation.

There is a strong presumption that counsel has provided adequate assistance and exercised "reasonable professional judgment" in making strategic decisions. *Strickland*, 466 U.S. at 690.  The Court looks to all the circumstances in determining whether the acts or omissions alleged were outside of "the wide range of professionally competent assistance." *Id*.  Here, based upon counsel's advocacy, the Court granted Petitioner's request for a six-level downward departure resulting in a guideline range of 33-41 months in custody.  And after factoring into the equation Petitioner's criminal history, this Court sentenced Petitioner to near the high end of the range – 40 months in custody.

Petitioner has not and cannot overcome the presumption of counsel exercising reasonable professional judgment.

### ii. Prejudice

Petitioner argues that the failure to raise the aforementioned arguments at sentencing prejudiced him, as his sentence would have been lower had these arguments been made. (Pet. at 6, 8).[6]  To show prejudice, Petitioner must show that there is a reasonable probability that the outcome of his case would be different had the cultural assimilation

---

[6] Petitioner also argues that the failure to argue for the application of the pending Amendment 802 to the Sentencing Guidelines was prejudicial. (Pet. at 6, 8).  However, because the amendment was not yet law, failure to argue for its application does not constitute ineffective assistance of counsel. *United States v. Juliano*, 12 F.4th 937, 939-41 (9th Cir. 2021) (defense counsel not arguing for the application of the proposed First Step Act in sentencing was neither unreasonable nor prejudicial and therefore not ineffective assistance of counsel).

argument been made. *Strickland*, 466 U.S. at 694. Petitioner argues that the amendment that provides grounds for a downward departure should have been applied. Note 8 of § 2L1.2 of the Sentencing Guidelines provides that cultural assimilation can be grounds for granting a downward departure, but it further provides that two of the factors to be considered in applying this provision are extent of familial and cultural ties outside of the United States as well as the severity of the individual's criminal history. United States Sentencing Commission, *Sentencing Guidelines*, § 2L1.2 (Nov. 2016). As stated in his sentencing memorandum, Petitioner argued that the depth of his ties in Mexico would disincentivize future returns to the United States. Moreover, his criminal history was calculated to be in Criminal History Category VI. (Sentencing Memorandum at 4). To that end, it is unlikely that the cultural assimilation provision would be applied based on the totality of facts presented, and a difference in outcome was not reasonably probable.

As such, in light of the foregoing and because Petitioner did receive a downward departure that placed his sentence 23 months below the low end of the range recommended by the United States, Petitioner has failed to establish that the outcome of his case would have been different.

## V. <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED

(1) Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED**; and,

(2) Respondent's Motion to Extend Time is **GRANTED.**

**IT IS SO ORDERED.**

DATED: July 6, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE